[Cite as *State v. Ashley*, 2013-Ohio-4715.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


State of Ohio,                             :

      Plaintiff-Appellee,                 :
                                   No. 13AP-237
v.                                        :      (C.P.C. No. 12CR-06-3097)

Dewayne A. Ashley,                        :      (REGULAR CALENDAR)

      Defendant-Appellant.                :

---

D E C I S I O N

Rendered on October 24, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Todd W. Barstow & Associates*, and *Todd W. Barstow*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

SADLER, J.

{¶ 1} Defendant-appellant, Dewayne A. Ashley, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of improper handling of weapons in a motor vehicle, in violation of R.C. 2923.16(E)(4), a felony of the fifth degree. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The state of Ohio accepted the statement of facts set forth by appellant in his brief as follows:

> Trial testimony revealed that on June 4, 2012, Officer [Joshua] Wagner of the Columbus Police Division was on routine patrol in downtown Columbus. He saw a truck,

driven by Appellant, that appeared to have an expired registration sticker. He initiated a traffic stop near Nationwide Boulevard and Front Street. After confirming the expired tag through LEADS, Officer Wagner began to walk towards the truck. He testified that a dark colored pistol was pointed out the drivers' side window at him. He drew his own pistol and was preparing to fire a shot when he heard the driver shouting that he (the driver) was a concealed carry permit holder. (Neither party disputed Appellant's status as a valid concealed carry permit holder on June 4, 2012). Officer Wagner then grabbed the pistol from Appellant. Officer Wagner had placed an "officer in trouble" broadcast and other officers responded to the scene. Appellant was arrested and taken to Columbus Police headquarters. The pistol was placed in evidence. During an interview with Detective Brian Kelly, Appellant explained that he did not want to be fumbling around for his pistol as the officer approached and therefore, for his own safety, and the safety of his passenger, he held the pistol out of the window of the truck and loudly announced his status as a concealed carry permit holder. Appellant's permit class instructor also testified as to Appellant's positive demeanor and attentiveness during the class. Appellant testified on his own behalf and related a series of negative contacts with law enforcement over the years. He reiterated his position that his actions (holding the pistol and his permit out of the truck window) were done for his own safety and to clearly let the officer know about the existence of both the pistol and the permit before he approached the truck.

(Appellant's brief, vi-vii.)

{¶ 3} Additional relevant facts from appellant's testimony at trial established that, when he was stopped by Officer Joshua Wagner on June 4, 2012, appellant was operating his vehicle while holding a handgun on his lap and covering it with his hand. Appellant testified that, at the time he pulled his vehicle to the side of the road, his handgun was in his hand and remained in his hand "the whole time." Appellant testified that, while keeping the handgun in his hand, he reached for his concealed carry permit and put both the handgun and the permit out the window for the officer to observe. Appellant testified, "I had the weapon on my person in my hands the whole time before he pulled me over, during, and then when he came, I gave it to him, period." (Tr. 83-84.) Appellant further

testified that he was trying to be responsible when he engaged in this conduct and that the handgun was pointed toward the ground and being held by the butt of the handgun.

{¶ 4}   Officer Wagner testified that, while he was approaching appellant's vehicle, he saw the barrel of a handgun pointing at him from the driver's window.  Officer Wagner also testified he noticed that appellant did not have his finger on the handgun's trigger, and he heard appellant yell that he was a concealed carry permit holder.  Finally, Officer Wagner testified that the handgun was loaded.  Additionally, evidence presented at trial demonstrated that the handgun was operable.

{¶ 5}   Having waived his right to a jury trial, the trial court found appellant guilty.  Appellant was sentenced to a two-year period of community control.

## II.  ASSIGNMENT OF ERROR

{¶ 6}   This appeal followed, and appellant brings a single assignment of error for our review:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF IMPROPER HANDLING OF WEAPONS IN A MOTOR VEHICLE AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7}   Appellant challenges in his assignment of error both the sufficiency of the evidence as well as the manifest weight of the evidence.

{¶ 8}   In determining whether the evidence is legally sufficient to support a verdict, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' "  *State v. Robinson,* 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  A reviewing court will not disturb a verdict unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact.  *State v. Treesh,* 90 Ohio St.3d 460, 484 (2001).

{¶ 9} In a sufficiency inquiry, reviewing courts do not assess whether the prosecution's evidence is to be believed but, whether, if believed, the evidence supports the conviction. *State v. Yarbrough,* 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80 (evaluation of witness credibility not proper on review for sufficiency of evidence); *State v. Bankston,* 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4 (noting that "in a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime").

{¶ 10} As opposed to the concept of sufficiency of the evidence, "[t]he weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." *State v. Brindley,* 10th Dist. No. 01AP-926, 2002-Ohio-2425, ¶ 35. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the factfinder's resolution of the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The appellate court, in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *Id.,* citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶ 11} Appellant was convicted of violating R.C. 2923.16, which provides in relevant part:

> (E) No person who has been issued a concealed handgun license, who is the driver or an occupant of a motor vehicle that is stopped as a result of a traffic stop or a stop for another law enforcement purpose or is the driver or an occupant of a commercial motor vehicle that is stopped by an employee of the motor carrier enforcement unit for the purposes defined in section 5503.34 of the Revised Code, and who is transporting or has a loaded handgun in the motor vehicle or commercial motor vehicle in any manner, shall do any of the following:

* * *

> **(4) Knowingly have contact with the loaded handgun by touching it with the person's hands or fingers in the motor vehicle at any time after the law enforcement officer begins approaching and before the law enforcement officer leaves, unless the person has contact with the loaded handgun pursuant to and in accordance with directions given by the law enforcement officer.**

{¶ 12} In this case, the evidence is undisputed that appellant was the holder of a concealed carry permit at the time of the charged offense. Additionally, appellant's own testimony establishes that, as Officer Wagner approached the vehicle, appellant knowingly had contact with the firearm inside the motor vehicle. Specifically, appellant testified, "I had the weapon on my person in my hands the whole time before he pulled me over, during, and then when he came, I gave it to him, period." (Tr. 83-84.) Further, there is no dispute that appellant took such action without being directed to do so by Officer Wagner.

{¶ 13} At oral argument, appellant argued that, because he was touching the handgun prior to the officer's approach of his vehicle, he was not in violation of R.C. 2923.16(E)(4). We disagree with appellant's interpretation that the statute only prohibits contact with a loaded handgun that is initiated after an officer approaches but does not prohibit contact with a loaded handgun that is initiated prior to the officer's approach and continues thereafter. The statute, by its plain language, prohibits "*contact* with the loaded handgun by touching it with the person's hands or fingers in the motor vehicle *at any time* after the law enforcement officer begins approaching and before the law enforcement officer leaves." (Emphasis added.) R.C. 2923.16(E)(4).

{¶ 14} Additionally, appellant argues that "his sole purpose in holding the pistol out of the window of his truck was to protect both his passenger and himself from being shot by the approaching officer." (Appellant's Brief, 2.) Regardless of appellant's alleged well-intended conduct, R.C. 2923.16(E)(4), by its plain language, prohibits "[k]nowingly hav[ing] contact with the loaded handgun by touching it with the person's hands or fingers in the motor vehicle at any time after the law enforcement officer begins approaching and before the law enforcement officer leaves." Thus, appellant's reason for

touching the loaded handgun during the officer's approach and thereafter extending it out of the driver's side window is irrelevant.

{¶ 15} The evidence presented established that appellant, without direction from the officer, knowingly had "contact with the loaded handgun by touching it with [his] hands or fingers in the motor vehicle" during the officer's approach of the vehicle. R.C. 2923.16(E)(4). Accordingly, there is sufficient evidence for a trier of fact to find appellant guilty beyond a reasonable doubt of improper handling of a weapon in a motor vehicle. Consequently, we reject appellant's assertion that this record contains insufficient evidence to support his conviction.

{¶ 16} With respect to the weight of the evidence, this record presents little conflicting evidence as appellant admits that he continually had contact with the loaded handgun as the officer was approaching his vehicle and that he did so of his own volition without having been so directed by the approaching officer. As such, we cannot say that this record consists of one of the rare cases in which the trier of fact clearly lost its way such that a miscarriage of justice requiring reversal of appellant's conviction has occurred. Consequently, the trial court's finding appellant guilty of improper handing of a weapon in a motor vehicle is not against the manifest weight of the evidence.

{¶ 17} Because we conclude appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, we overrule appellant's single assignment of error.

## III. CONCLUSION

{¶ 18} Having overruled appellant's assignment of error in its entirety, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____